**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

RICO LAMAR BALLARD,     :
             :
   **Plaintiff,**    :
             :
   **V.**        :  **NO. 5:25-cv-00362-CAR-AGH**
             :
WARDEN GEORGE IVEY, *et al.*,  :
             :
   **Defendants.**   :
             :

## ORDER

Plaintiff Rico Lamar Ballard, a prisoner currently in Valdosta State Prison in Valdosta, Georgia, filed a complaint under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*.  ECF No. 5.  Because Plaintiff has accrued three strikes under the 28 U.S.C. § 1915(g), and he does not allege facts showing imminent danger of serious physical injury, his complaint is now **DISMISSED WITHOUT PREJUDICE** as set forth below.

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is known as the "three strikes provision."  Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the

grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim.  *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike").  A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g).  *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007) (holding that dismissal of case for abuse of judicial process when plaintiff "lied under penalty of perjury about the existence of a prior lawsuit," counts as a strike even if the court "may not have uttered the words 'frivolous' or 'malicious'").  In fact, a "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting Section 1915(g)."  *Id.* (citations omitted).  Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited.  Leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury.  *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that more than three of his complaints have been dismissed on grounds that constitute strikes.  *See Ballard v. Parish*, Case No. 4:22-cv-00123 (N.D. Ga. July 11, 2022) (dismissed for abuse of the judicial process); *Ballard v. Woodard*, Case No. 4:22-cv-00124 (N.D. Ga. July 11, 2022) (same); *Ballard v. Sprayberry*, Case No. 4:22-cv-00125

(N.D. Ga. June 30, 2022) (same); *Ballard v. Morales*, Case No. 5:21-cv-00138 (M.D. Ga. Oct. 1, 2021) (dismissed for failure to state a claim). Plaintiff is thus barred from prosecuting this action *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]he issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). To qualify for this exception, a prisoner must allege specific facts, as opposed to "general assertion[s]," that describe an "ongoing serious physical injury or . . . a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id*. (citation omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint); *Brown*, 387 F.3d at 1349 (citations omitted). "[G]eneralized references to being in danger or being subject to abuse, . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger." *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, 2023 WL 11937262, at *3 (N.D. Fla. July 5, 2023).

Plaintiff's claims arise out of an incident that occurred in May 2024, when Plaintiff says that he was assaulted in the dorm by multiple inmates and that there was a delay in getting him medical attention. ECF No. 1 at 8-11. Plaintiff's allegations with regard to

this incident show that it was a single incident that occurred more than a year before he filed his complaint.   Plaintiff does not allege any ongoing threat relating to the May 2024 assault.   Moreover, although Plaintiff makes general assertions of staffing shortages and a lack of supervision, he does not allege any specific facts showing that he was in imminent danger at the time he filed his complaint.   *See generally id.*

Thus, Plaintiff may not proceed *in forma pauperis* in this action and his action must be dismissed without prejudice to his right to refile with pre-payment of the full $405.00 filing fee.   *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)").   Accordingly, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 5) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 9th day of April, 2026

.

 s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

4